## Commonwealth of Pennsylvania v. Mermeda, Appellant.

Argued October 3, 1928.

Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop, and Cunningham, JJ.

*Morris W. Kolander*, for appellant.

*Harry Felix*, Assistant District Attorney, and with him *John Monaghan*, District Attorney, for appellee.

Opinion by Gawthrop, J., December 13, 1928:

Defendant appeals from a conviction on an indictment drawn under the Act of May 28, 1885, P. L. 27, which made it a misdemeanor for any person to take a female child under the age of sixteen years for the purpose of sexual intercourse, or to enveigle or entice any such minor female child into a house of assignation, or elsewhere, for the purpose of sexual intercourse. The indictment contained two counts, the first charging defendant with "taking" a certain female child under the age of sixteen years for the purpose of sexual intercourse, and the second charged him with "enveigling and enticing" said child to a place for the purpose of sexual intercourse. There was a conviction on both counts, but the sentence imposed was no greater than could have been imposed under either count. The assignments of error raise two questions, first, whether the evidence warranted a conviction, and second, whether there was error in the charge.

The following material facts were proved at the trial: On the evening of Sunday, May 6, 1928, one Jimmy LaMena met a girl of the age of thirteen years near the corner of 8th and Arch Streets, Philadelphia, and invited her to go with him in a taxicab to the apartment of defendant at 1911 Fairmount Avenue. They arrived at the apartment between half past eight and quarter of nine. Soon after they arrived LaMena asked the girl if she wanted something to drink. Defendant, who was present and introduced to the girl under the name of Antonio Cousi, went out and got a bottle of whiskey and a bottle of "dagó red" wine. They gave the girl two drinks. Shortly thereafter she became dizzy and fell on the floor. LaMena dragged her into defendant's room and placed her on his bed. She remained there, fully dressed, until about 8:30 A. M. the following morning, when defendant put her on a trolley car and took her to the corner of 4th and Arch Streets. Defendant admitted to one of Commonwealth's witnesses that he had occupied the same bed during the night. No other persons remained in the apartment.

In our view the evidence was sufficient to establish the fact that defendant was a participant in a scheme to entice the girl to his room for the purpose of sexual intercourse; and that he aided and abetted LaMena in the commission of the offense. This makes him equally guilty with the other actor in the occurrence: Com. v. Bernard, 94 Pa. Superior Ct. 393.

The portion of the charge complained of is: "As far as enticement is concerned, for immoral purposes, it does not have to commence at 8th and Arch. It does not matter who brought her to that house." This was not erroneous or harmful to defendant. The enticement prohibited by the act may begin anywhere short of the place to which the female is enticed. The prohibition is against enticing her into a house of as-

signation or elsewhere. Elsewhere means any convenient place. An enticement from one room in a house to another for the purpose of sexual intercourse is enough. Therefore, it would have been entirely proper to instruct the jury that defendant could be convicted, although he was not a participant in the bringing of the girl to his apartment. The judge did not go that far, however. He merely stated that it did "not matter who brought her to that house." A reading of the entire charge, in the light of the evidence, makes it clear that this amounted to no more than an instruction that the defendant could be convicted, although he did not physically take the girl to his apartment. Appellant's complaint is, therefore, without merit.

The assignments are overruled and the judgment is affirmed.